UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVARO SALAZAR SOTO,

Petitioner,

v.

WARDEN, et al.,

Respondents.

No. 1:26-cv-09097-DC-AC (HC)

ORDER GRANTING PETITIONER'S HABEAS PETITION AND MOTION FOR A TEMPORARY RESTRAINING ORDER

(Doc. Nos. 1, 2, 3, 4)

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 3), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) Respondents do not oppose the court ruling directly on the merits of the habeas petition. (Doc. No. 8 at 1.) Given that Petitioner is proceeding *pro se* and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition. For the reasons explained below, the court finds that Respondents violated the Immigration and Nationality Act and Petitioner's right to due process by failing to provide Petitioner with a prompt custody redetermination hearing despite his request for one. Thus, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order his immediate release.

/////

/////

## BACKGROUND

Petitioner Albaro Salazar Soto is a native of Honduras. (Doc. No. 1 at ¶ 23.) Petitioner entered the United States without inspection in November 2021. (*Id.*) Petitioner has remained in the United States since that time and has raised his two children here. (*Id.*) Petitioner has no criminal record other than his pending immigration charge. (*Id.*) On August 26, 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") agents while driving to work. (*Id.*) Petitioner has remained in ICE detention since that day and is currently detained at the Central Valley Annex Detention Center. (*Id.*)

On November 4, 2026, Petitioner filed the pending habeas petition arguing that his ongoing immigration detention violates his right to due process under the Fifth Amendment. (Doc. No. 1 at 16.) On that same day Petitioner filed the pending motion for a temporary restraining order seeking his immediate release. (Doc. No. 3.) On November 9, 2026, Respondents filed their opposition arguing that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and that the "only relief warranted [] is a bond hearing under Section 1226(a) and its implementing regulations, as [Petitioner] has yet to exhaust his administrative remedies." (Doc. No. 8 at 1.) Respondents include with their opposition: (1) Petitioner's record of deportable alien; (2) a notice of custody redetermination hearing dated November 5, 2026, informing Petitioner that he was scheduled for a hearing on November 13, 2026; (3) Petitioner's notice of custody determination dated August 26, 2026, wherein Petitioner requests a custody redetermination record on that date; (4) Petitioner's notice to appear dated August 26, 2026; and (5) Petitioner's arrest warrant, dated August 26, 2026. (Doc. No. 8-1.)

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

Constitution or federal law. 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' provision ... requires only that a petitioner be incarcerated—or, as here, in INS custody—at the time a habeas petition [was] filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr.*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

**DISCUSSION**

Petitioner argues that his current immigration detention violates his constitutional right to due process. (Doc. No. 1 at 16.) Respondents contend that Petitioner's detention is lawful under § 1226(a), and that he has not exhausted his administrative remedies through a custody redetermination hearing before an immigration judge. (Doc. No. 8 at 1.) Respondents acknowledge that Petitioner did request a custody redetermination hearing upon his detention on August 26, 2026, and emphasize that "an immigration judge [] scheduled a bond hearing for November 13, 2026." (*Id.* at 2.) Respondents do not address, however, why Petitioner was not scheduled for a redetermination hearing until nearly three months after he initially requested one. Further, Respondents do not address why they took no action to schedule Petitioner's bond hearing until the day *after* Petitioner filed the pending habeas petition. (Doc. No. 8-1 at 5.)

This court has joined others in the Ninth Circuit in finding that "due process requires noncitizens who request a custody redetermination hearing to be promptly provided with one." *Mejia v. Warden, Cal. City ICE Det. Facility*, No. 1:26-cv-08473-DC-AC, 2026 WL 3205159, at *2 (E.D. Cal. Oct. 26,2026) (collecting cases). Here, the nearly three-month delay in providing Petitioner with a bond hearing after his initial request, further aggravated by the failure to schedule a bond hearing until after Petitioner sought court intervention, cannot be considered prompt. Thus, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order his immediate release. *See Feng v. Lyons*, No. 1:26-cv-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) ("Provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due

process where that bond hearing is a matter of statutory right.”).

**CONCLUSION**

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 3) are GRANTED as follows:
   a. Respondents shall immediately release Petitioner Alvaro Salazar Soto (A-222-608-610) from their custody;
   b. Upon his release, Respondents shall not impose any additional restrictions on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future custody hearing;
   c. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;
   d. If the government seeks to re-detain Petitioner, they shall provide him with a prompt bond hearing at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;
2. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) and motion to appoint counsel (Doc. No. 4) are DENIED as having been rendered moot by this order;
3. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and
4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 10, 2026**

Dena Coggins
United States District Judge